## WILLIAM HILL v. THE STATE.

INDICTMENT.—In an indictment for stealing from the house of A an article which belonged to B, it is not necessary either to allege or prove that the article stolen was either under the control of or belonged to A.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

*Hine* and *Breedlove & Ewing*, for appellant.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The defendant was convicted for stealing from the house of Kerr a bottle of whisky, the property of Eddins, in the possession of Eddins, and upon full proof thereof, as charged, his punishment was assessed at two years' confinement in the penitentiary.

It is objected that the conviction was erroneous, because the property was not alleged and proved to belong to or to be under the control of Kerr, the owner of the house. We do not think this objection tenable. The article of the code under which the defendant was indicted reads as follows, to wit: "If any person shall steal property from a house in such manner as that the offense does not come within the definition of burglary, he shall be punished by confinement in the penitentiary not less than two nor more than fifteen years." (Pas. Dig., art. 2408.)

The terms of the statute show that it was intended to give the property stolen from a house the same protection as in cases of burglary, although from the time and circumstances under which it was stolen, it did not fill the full measure of that offense. By an examination of the cases and precedents in burglary it will be found that it is not uncommon to convict persons for entering the house of one person and stealing therein, or with intent to steal

therein, the property in possession of and belonging to another.

It is the violation of the right of property, as protected by its being in the house, without reference to the ownership by one person or another, that is the reason of the increased punishment of the theft from the house.

.      AFFIRMED.